```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 10-21229-Civ-LENARD
                                         (07-20634-Cr-LENARD)
                                   MAGISTRATE JUDGE P. A. WHITE
ED REED,                       :

     Movant,                   :         REPORT OF
                                     MAGISTRATE JUDGE
v.                             :

UNITED STATES OF AMERICA,      :

     Respondent.               :
_____
```

### I. Introduction

This matter is before the Court on the movant's motion to vacate pursuant to Title 28, Section 2255, attacking his sentence for conspiracy to possess with the intent to distribute cocaine following his entry of a guilty plea in criminal case number 07-20634-LENARD.

The Court has reviewed the motion to vacate and supporting memorandum, the Presentence Investigation Report ("PSI"), Government's response, and all pertinent portions of the underlying criminal file.

### II. Claims

Construing the *pro se* movant's arguments liberally, Haines v. Kerner, 404 U.S. 519 (1972), he appears to raise the following claims in his Section 2255 motion:

1. Reed's eighteen-year-old state prior for robbery without assault is not a "violent felony" and should not have been used to enhance his sentence under the Career Offender Act;

1

    2.    The mere title of the state offense does not invoke application of the Career Offender Act, rather, Florida Supreme Court's determination that simple robbery and theft do not contain an element of physical force is binding; and

    3.    Counsel was ineffective for failing to challenge the prior offenses at sentencing.

(Cv-DE# 1).

### III. Procedural History

The relevant procedural history of the underlying criminal case is as follows. Reed was indicted along with three co-defendants. The charges pertaining to Reed are: Counts (12)[1] and (13), conspiracy to possess with the intent to distribute cocaine (21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846). (Crim-DE# 3-2).

Reed agreed to plead guilty to Count (12) in exchange for the Government's dismissal of Count (13). (Crim-DE# 82). He acknowledged the Court may impose a sentence of up to the statutory maximum of twenty years imprisonment followed by a minimum term of supervised release of three years, and a fine of up to $1,000,000. (Crim-DE# 82 at ¶ 4). The Government reserved the right to inform the Court and probation office of all relevant information regarding the offense committed as well as Reed's background. (Crim-DE# 82 at ¶ 6). The Government agreed to recommend a reduction of two levels for acceptance of responsibility and an additional one-level reduction for cooperation, if applicable. (Crim-DE# 82 at ¶ 7). The Government also agreed to recommend a sentence at the low end of the guideline range. (Crim-DE# 82 at ¶ 7). Reed acknowledged any sentence prediction was not binding on

---

[1] Count (12) covers the period from on or about August 16, 2006, and continuing through on or about October 4, 2006.

the Court and that he may not withdraw his plea based on the court's decision not to accept a sentencing recommendation. (Crim-DE# 82 at ¶ 8).

The PSI calculated the base offense level as eighteen due to Reed's responsibility for 154 grams of cocaine. (PSI at ¶ 25). Reed is considered a career offender under Section 4B1.1(a) because he was at least eighteen when he committed the offense, it is a felony controlled substance offense, and he has at least two prior felony convictions of a crime of violence, that is robbery with a firearm in Florida cases F88-34252[2] and F91-23955A. The PSI notes Reed would also qualify as a career offender based on two additional cases (F88-37909C and F96-3874B).[3] (PSI at ¶ 31). Three levels were deducted for acceptance of responsibility and assistance. (PSI at ¶¶ 32-33). This resulted in a total offense level of twenty-nine. (PSI at ¶ 34). Reed had eighteen criminal history points, to which two points were added because he committed the present offense less than two years from his release from custody. (PSI at ¶¶ 45-46). This resulted in a criminal history category of VI both based on his criminal history points and status as a career offender. (PSI at ¶ 47). The guidelines range was between 151 and 188 months imprisonment, supervised release of at least three years, and a fine between $15,000 and $1,000,000. (PSI at ¶¶ 81, 83, 85, 87).

Neither the Government nor Reed filed objections to the PSI. See (PSI, addendum); (Crim-DE# 129 at T. 3).

---

[2] In case 88-34252, Reed was arrested when he was sixteen and was convicted as an adult. See (PSI at ¶ 36); (Crim-DE# 129 at T. 4).

[3] In case 88-37909C, Reed was arrested at age seventeen and was convicted of attempted strong-arm robbery under an adult felony case number. In case 96-3874B, Reed was arrested at age twenty-four and was convicted of the sale, manufacture, and delivery of cocaine, unlawful sale or delivery of cannabis, possession of cocaine, and possession of cannabis.

Reed filed a sentencing memorandum requesting a downward departure sentence based on his difficult childhood, minor role in the offense, possible sentencing disparity with the co-defendants, and harshness of the career offender guidelines range. (Crim-DE# 105).

At the sentencing hearing, counsel argued a downward departure should apply due to the decreasingly serious nature of Reed's offenses, his difficult childhood and the severity of the recommended sentence. (Crim-DE# 129 at T. 2-10). The Court noted there were actually four prior convictions that qualify Reed for career offender status. (Crim-DE# 129 at T. 12). The Court also noted Reed was much more violent in his youth than in more recent offenses. (Crim-DE# 129 at T. 12). The Court also considered sentencing disparity. After considering the statements of the parties, PSI, and factors set forth in Section 3553(a), the Court imposed a sentence at the lowest end of the advisory guideline range. (Crim-DE# 129 at T. 12-14).

The Court adjudicated Reed guilty and sentenced him to 151 months imprisonment followed by three years of supervised release. (Crim-DE# 110). Counsel filed a notice of appeal of the judgment and sentence. (Crim-DE# 111). The Eleventh Circuit dismissed the appeal for failure to prosecute on May 14, 2008, but it was subsequently reinstated. (Crim-DE# 121, 126). The appeal was dismissed with prejudice on February 3, 2009, pursuant to Reed's motion for voluntary dismissal. (Crim-DE# 138) (08-11345).

Reed filed the instant motion to vacate on April 12, 2010.

### IV. Statute of Limitations

The Government concedes the instant motion was timely filed.

<u>V. Cognizable Issue & Procedural Default</u>

As a general matter, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a Section 2255 proceeding. <u>Greene v. United States</u>, 880 F.2d 1299, 1305 (11th Cir. 1989); <u>see</u> <u>United States v. Frady</u>, 456 U.S. 152 (1982); <u>Lynn v. United States</u>, 365 F.3d 1225 (11th Cir. 2004). Of course, if the challenge was not available to the defendant at the time of the direct appeal, the defendant would not be procedurally barred from presenting the issue in a section 2255 proceeding, so long as the issue is among the narrow range of issues reviewable under Section 2255. <u>Greene</u>, 880 F.2d at 1305. To avoid the procedural bar, a movant must show both cause excusing the failure to raise the claim previously, and actual prejudice from the alleged error. <u>McCleskey v. Zant</u>, 499 U.S. 467 (1991). Summary dismissal is warranted where the movant fails to establish both cause and prejudice for his failure to raise a claim on direct appeal that is raised for the first time in a Section 2255 motion. <u>Garland v. United States</u>, 837 F.2d 1563 (11th Cir. 1988).

Reed's challenges to his career offender sentencing are procedurally defaulted because Reed failed to raise them on direct appeal. Reed filed a timely notice of appeal but voluntarily dismissed it. He could have challenged the Court's reliance on his Florida robbery conviction to find he qualifies as a career offender, on direct appeal. He waived his opportunity to do so and is precluded from challenging his sentence here pursuant to Section 2255.

Reed attempts to excuse his procedural default by claiming the basis for relief <u>Johnson v. United States</u>, 130 S.Ct. 1265 (2010), which was issued on March 2, 2010, after his appeal was dismissed. <u>Johnson</u> does not apply to the instant case for the reasons set

5

forth in the Discussion section, *supra*. To the extent Reed suggests counsel's ineffective assistance constitutes cause for his default, this claim fails because counsel was not ineffective as set forth in Claim (3), *infra*. Reed has failed to demonstrate cause and prejudice for his failure to raise the sentencing claim on appeal. Accordingly, the claim is not cognizable for relief and is procedurally barred. In any event, Reed's claims fail on the merits for the reasons set forth in the Discussion section.

### VI. Standard of Review

Section 2255 authorizes a prisoner to move a sentencing court to vacate, set aside, or correct a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a); see Hill v. United States, 368 U.S. 424, 426-27 (1962). A sentence is otherwise subject to collateral attack if there is an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979); Hill, 368 U.S. at 428. Section 2255 is not a substitute for direct appeal. Sunal v. Large, 332 U.S. 174, 178 (1947). Section 2255 relief is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." Richards v. United States, 837 F.2d 965 (11th Cir. 1988).

To prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in

6

representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000). In the context of sentencing, a defendant is required to prove that, if counsel had not performed deficiently, the result of his sentencing proceeding would have been different. Glover v. United States, 531 U.S. 198, 203-204 (2001); Forrester v. United States, 349 Fed. Appx. 528 (11th Cir. 2009).

## VII. Discussion
### (1)-(2)  Career Offender Sentencing

In Claims (1) and (2), Reed challenges his career offender designation because, he contends, simple robbery is not a "violent felony" under Florida law, and that forceful conduct toward another individual is not an element of the offense.

Reed's attack on his career offender sentencing is a non-constitutional claim that is not cognizable under Section 2255. Simple sentencing errors are not fundamental defects which inherently results in a complete miscarriage of justice or omissions inconsistent with the rudimentary demands of fair procedure. See Burke v. United States, 152 F.3d 1329 (11th Cir. 1998) (quoting Reed v. Farley, 512 U.S. 339, 348 (1994)).

However, assuming these claims are cognizable under Section 2255 and not procedurally barred, they fail on the merits.

A defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of

      conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a); see 28 U.S.C. § 994(h).

     Prior felony convictions under Section 4B1.1 are counted using the definitions and instructions for computing criminal history in Section 4A1.2. See U.S.S.G. § 4B1.2, comment note 3. A prior conviction is "any sentence previously imposed upon adjudication of guilt ... for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1); United States v. Shannon, 449 F.3d 1146, 1148 (11th Cir. 2006); United States v. Gordon, 203 Fed. Appx. 318, 319 (11th Cir. 2006). A prior conviction counts if "imprisonment exceeding one year and one month ... was imposed within fifteen years of the defendant's commencement of the instant offense...." U.S.S.G. § 4A1.2(e)(1). In the context of a conspiracy, time is counted back from the date last alleged as part of the conspiracy, unless the district court makes a specific finding concerning when the co-conspirators reached an agreement. Gordon, 203 Fed. Appx. at 319. A prior conviction also counts when "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, ... resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e)(1). Further, "[s]entences imposed upon revocation of probation can 'affect the time period under which sentences are counted under [section] 4A1.2(e)(1) [of the sentencing guidelines]." Shannon, 449 F.3d at 1148 (quoting United States v. Cornog, 945 F.2d 1504, 1507 (11th Cir. 1991)). In the case of a prior revocation of probation or parole, the sentencing court should "add the original term of imprisonment to any term of imprisonment imposed upon revocation."

U.S.S.G. § 4A1.2(k)(1). Therefore, "the court ordinarily should count a conviction that is imposed, and on which the defendant is paroled, outside the window, when the defendant later – within the window – is incarcerated for breaching the conditions of his parole." Shannon, 449 F.3d at 1148 (quoting Cornog, 945 F.2d 1504, 1507).

A "crime of violence" is defined as "any crime punishable by imprisonment for a term exceeding one year" that:

> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

U.S.S.G. 4B1.2(a)(1)-(2).

This language is virtually identical to the definition of a "violent felony" under the Armed Career Criminal Act ("ACCA"). Therefore, the same analysis is used to determine whether an offense qualifies as a "violent felony" under ACCA and a "crime of violence" under Section 4B1.2(a)(1)-(2). United States v. Williams, 609 F.3d 1168 (11th Cir. 2010)(case law interpreting ACCA relevant in determining whether a prior conviction qualifies for career offender sentencing); see United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

The Court found Reed qualifies as a career offender based on two convictions for armed robbery with a firearm. The Florida Statutes provide as follows:

>   (1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
>   (2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment....

§ 812.13, Fla. Stat.

There was no error in finding Reed qualified as a career offender. First, the guidelines specifically list robbery as an enumerated offense which qualifies as a "crime of violence" for career offender sentencing. See U.S.S.G. § 4B1.2, application note 1 ("crime of violence" includes "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, **robbery**, arson, extortion, extortionate extension of credit, and burglary of a dwelling.").

Further, in United States v. Dowd, 451 F.3d 1244, 1255 (11th Cir. 2006), the Eleventh Circuit held that an armed robbery under Florida law "undeniably" qualified as a violent felony because it had as an element the use, attempted use, or threatened use of physical force against the person of another. Reed suggests Johnson requires a different outcome. The Eleventh Circuit recently rejected that contention. See United States v. Oner, 2010 WL 2381055 (11th Cir. June 15, 2010). Johnson holds that a simple battery under Florida law, defined as the actual and intentional

touching of another, does not have as an element the use of physical force because the physical force contemplated by ACCA is violent force. By contrast, "[t]he carrying of a firearm or other deadly weapon during a robbery surely implicates violent force and of the most severe kind." Oner, 2010 WL at 2381055 (district court did not err in finding defendant's conviction for Florida armed robbery qualified as a violent felony under ACCA). Because armed robbery is a violent felony, it is also a "crime of violence" for purposes of career offender sentencing. See Williams, 609 F.3d at 1168. Reed's reliance on Johnson and Florida case law addressing extraneous offenses such as simple battery, battery on a law enforcement officer, and burglary, are irrelevant to his convictions for robbery with a firearm and warrant no further discussion. Reed's sentencing challenge lacks merit and should be rejected.

To the extent Reed complains that his conviction for attempted strong-arm robbery in case 88-37909C does not qualify him for career offender sentencing, this claim likewise fails. As previously stated, robbery is an enumerated "crime of violence." The Guidelines provide that crimes of violence "include the offenses of aiding and abetting, conspiring, and **attempting** to commit such offenses." U.S.S.G. § 4B1.2, application note 1 (emphasis added). Therefore, Reed's conviction for attempted strong-arm robbery is also a "crime of violence" for purposes of career offender sentencing. See, e.g., United States v. Rainey, 362 F.3d 733 (11th Cir. 2004) (finding attempted arson is a violent felony under ACCA).

The Court noted Reed has a fourth qualifying conviction in case 96-3874B, for the sale, manufacture, and delivery of cocaine, unlawful sale or delivery of cannabis, possession of cocaine, and

possession of cannabis. Any attempt to attack that conviction would likewise lack merit. See § 4B1.1(a); § 4B1.2(b) (defining "controlled substance offense").

Finally, Reed appears to suggest his convictions are eighteen years old and cannot qualify him for career offender sentencing. The oldest convictions upon which the PSI relies for career offender purposes are cases 88-34252 and 88-37909C, both of which were sentenced on March 20, 1989. (PSI at ¶¶ 36, 37). Reed received two years of prison followed by two years of community control in cases 88-34252 and 88-37909C, concurrent. He was released from prison on July 25, 1989, and violated community control by committing new offenses in cases 90-42750 and 90-31000. He was convicted in the 1990 cases and was released from prison on November 25, 1991.

Because the instant offense involved a conspiracy, the fifteen-year window for prior offenses opened on the last date of the alleged conspiracy, on October 4, 2006. (Crim-DE# 3-2 at 6). Although Reed was convicted in the 1988 cases outside the fifteen-year window, he violated community control and was incarcerated until November 25, 1991, which is within the fifteen-year window. Accordingly the Court did not err by relying on either of the 1988 cases to sentence Reed as a career offender. See, e.g., Gordon, 203 Fed. Appx. 320.

Based on the foregoing, all four prior offenses which the PSI identifies and upon which the Court relied, qualify Reed for career offender sentencing. He has failed to demonstrate any error occurred.

(3)  Ineffective Assistance of Counsel

Reed appears to contend counsel erroneously advised him that his Florida convictions for robbery with a firearm qualified him as a career offender, and failed to challenge the use of his prior convictions to qualify him for career offender sentencing.

Counsel cannot be deemed deficient for correctly advising Reed his prior convictions qualify him for career offender sentencing, or for failing to lodge a meritless objection to that effect. See Knowles v. Mirzayance, 129 S.Ct. 1411, 1421-22 (2009)(defense counsel not required to pursue every claim or defense, regardless of its merit, viability or realistic chance for success); Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) (counsel is not ineffective for failing to raise a non-meritorious objection). Further, Reed cannot demonstrate prejudice in counsel's failure to challenge any of his prior convictions because the Court recognized a total of four felony convictions all of which would have qualified him as a career offender.

Based on the foregoing, it is recommended that the motion to vacate be denied, and this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 10th day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Ed Reed, pro se
      Reg. No. 78951-004
      FCI - Estill
      Federal Correctional Institution
      Inmate Mail/ Parcels
      PO Box 699
      Estill, SC 29918

      Peter A. Forand
      United States Attorney's Office
      99 NE 4 St.
      Miami, FL 33132
```